IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**REO PROPERTIES CORP.**,

   Plaintiff,

   v.

**ENRIQUE TIRADO SUAREZ**, *et al.*,

   Defendants.

Civil No. 10-2283 (BJM)

## OPINION AND ORDER

In this diversity action, REO Properties Corp. ("REO") sued Enrique Tirado Suarez, Zaida Sosa Betancourt, and their conjugal partnership (collectively, "defendants") on a promissory note and mortgage of real property. (Docket No. 1, hereinafter "Compl."). The case is before me by consent of the parties. (Docket No. 13). Before the court is REO's unopposed motion for summary judgment. (Docket No. 34). For the reasons that follow, the motion is **denied**.

## FACTUAL BACKGROUND

The facts are set forth below based on the court's independent review of the pleadings together with the exhibits supporting REO's motion.[1]

REO is a corporation with a principal place of business in New York; defendants are residents of Carolina, Puerto Rico. (Compl., p. 2; Docket No. 7, hereinafter "Ans.," p. 1). Defendants admit that on October 31, 2002, they signed and delivered a note (hereinafter "the Note") payable to Doral Mortgage Corp. ("Doral") for $385,000, with interest at 8.5 percent per annum, paying $2,960.32 monthly beginning on December 1, 2002. (Compl., p. 2; Ans., p. 2). Defendants own the mortgaged property. (Compl., p. 3; Ans. p. 1; Docket No. 34-1). In relevant

---

[1] By not filing a statement of facts with its motion, REO violated Local Rule 56(b): "A motion for summary judgment *shall* be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." (emphasis added). Whether or not this case "include[s] any complicated issues of fact or law," (see Docket No. 35, p. 5), REO may not unilaterally decide whether it will comply with the rule. Nonetheless, district courts "may forgive a party's violation of a local rule." Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004). Since the motion is unopposed, I will consider it on the merits.

part, the Note provides:

> If any monthly installment under this Note is not paid when due and remains unpaid *after a date specified by a notice to Borrower*, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder. The date specified shall not be less than thirty days from the date such notice is mailed. The Note holder may exercise this option to accelerate during any defualt by Borrower regardless of any prior forbearance. If suit is brought to collect this Note, the Note holder shall be entitled to collect in such proceeding the agreed and liquidated amount of ten per [*sic*] percent of the original principal amount hereof to cover costs and expenses of suit, including but not limited to, attorney's fees.
>
> . . .
>
> Any notice to Borrower provided for in this Note *shall be given by mailing such notice by certified mail* addressed to Borrower at the Property Address stated below, or to such other address as Borrower may designate by notice to the Note holder. . . .

(Docket No. 34-2) (emphasis added). The Note bears two "without recourse" endorsements; the first by a division of Doral Financial Corporation payable to FirstBank Puerto Rico, and the second left blank by FirstBank Puerto Rico. (Id., p. 2). Defendants executed a mortgage favoring Doral for $385,000 with 8.5 percent annual interest, covering the property described as:

> URBANA: Parcela de terreno situado en el Barrio de Santurce término municipal de San Juan, que comprende el solar veintiseis del plano levantado por el Ingeniero José M. Canals, con un área superficial de TRESCIENTOS CUARENTA Y OCHO PUNTO CUARENTA METROS CUADRADOS (348.40 m.c.), colindando por el NORTE, con una distancia de veintiseis punto setenta metros con el solar núemro [*sic*] veinticinco de dicho plano de urbanización; por el SUR, en una distancia de veintiseis punto noventa metros con terrenos de Maria Franco y parte del solar número ventisiete de dicho plano de urbanización; por el ESTE, en una distancia de trece metros con el solar número vente de dicho plano de urbanización; y por el OESTE, en una distancia de trece metros con la calle San Jorge.
>
> Enclava una casa de dos plantas cada una de las cuales consta de balcón, sala, comedor, cuatro habitaciones dormitorios, cocina, cuarto de baño y galeria. En la parte de atras del solar tiene dos anexos cada uno consta de dos plantas y contiene garage y cuarto de servicio con servicio sanitario. Las medidad [*sic*] mayores del edificio principal son de veintiseis pies seis pulgadas de frente por cincuenta y ocho pies de fondo.
>
> Consta inscrita al folio 231 del tomo 209 de Santurce Norte, Registro de la Propiedad de San Juan, Sección Primera finca número 8,430.

Documento presentado al Asiento 219 del Diario 943.

(Docket No. 34-3, p. 3, 21). The mortgage also secures ten percent of the principal, or $38,500, for each of: (1) "costs, expenses, and attorney's fees in the event the holder of the Note is required to foreclose this Mortgage or seek judicial collection," (2) "any other advances which may be made under this Mortgage," and (3) "interest in addition to that secured by law." (Id.). A title search conducted by A.M. Title Services shows this mortgage is recorded, and that the only document pending inscription is a utility easement. (Docket No. 34-1).

Jimmy Menjivar, a "Foreclosure Specialist" living in Tampa, Florida and employed by non-party Quantum Servicing Corp. ("Quantum"), provided a statement under penalty of perjury supporting REO's motion. (Docket No. 34-4, ¶¶ 1-2). According to Menjivar, Quantum services REO's loans pursuant to an agreement with Deutsche Bank. (Id., ¶ 3). Based on his asserted familiarity with Quantum's "accounting of loans serviced for [REO] in Puerto Rico," Menjivar states that defendants are the mortgagors on REO loan number 5000007947, and that as of March 30, 2012, Quantum's records show the following amounts due:

| | | |
|---|---|---:|
| a. | Principal | $356,207.30 |
| b. | Accrued interest at the rate of 8.50% | 60,421.14 |
| c. | Late charges previous servicer | 6,181.24 |
| d. | Escrow Advances (Taxes and Insurance) | 24,677.15 |
| e. | NSF charges | 10.00 |
| f. | Late Charges after transfer | 5150.40 |
| g. | Costs and attorneys fees | 38,500.00 |
| h. | Corporate Advances | 2,017.97 |
| i. | Recording Fee | 15.00 |

TOTAL                                                                                   $493,230.20[2]

(Id., ¶¶ 4-8).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the

---

[2] The sum of Menjivar's itemized list is $50 less than his asserted total: $493,180.20.

governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh the facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). However, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," Leary, 58 F.3d at 751, and an evaluating court may not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." Greenburg v. P.R. Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). Nonetheless, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element of the claim. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

**DISCUSSION**

REO argues, unopposed, that it is entitled to a money judgment against defendants and forced sale of the mortgaged property. (Docket No. 34). But "even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 13 (1st Cir. 2007).

Under Puerto Rico law, "a mortgage is merely a guarantee of a debt, which in turn is secured by a particular property." Chicago Title Ins. Co. v. Sotomayor, 394 F. Supp. 2d 452, 460 (D.P.R. 2005) (citing Torres v. Fernández, 47 D.P.R. 845, 848 (1934)). As Judge Pieras explained:

> . . . [I]t is important to distinguish between the actual debt and the mortgage.
>
> Any given debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money. The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.

Id. A mortgage creditor may seek foreclosure if the debtor defaults on the payment of any accrued payment of principal or interests. Treco, Inc. v. Marina de Palmas, Inc., 626 F. Supp. 335, 342 (D.P.R. 1986) (citing 30 L.P.R.A. § 2701 and 31 L.P.R.A. § 3061). But "[w]hen it is necessary to dispose of the mortgaged property for the payment of principal and interest installments, and other installments on the obligation have yet to fall due, the sale shall be made and the property or right shall be conveyed to the buyer with the mortgage corresponding to that part of the loan which was not paid." 30 L.P.R.A. § 2728.

Here, it is undisputed that defendants have failed to make payments under the promissory note. The endorsed note also permits the conclusion that REO is entitled to enforce the note. See 19 L.P.R.A. § 509(a)(2) ("A promise or order is payable to bearer if it . . . does not state a payee . . . ."). However, REO has not shown it is entitled to accelerate the promissory note. Specifically, the note requires the creditor to send 30 days' notice by certified mail prior to deeming the balance to be due. There is no evidence in the record of any such notice, nor was it alleged or admitted in the complaint or answer. Moreover, while Menjivar's statement under penalty of perjury asserts that various dollar amounts are due, this is not evidence of which particular payments have been missed. In essence, REO seeks a judicial imprimatur on its servicer's *ipse dixit* calculations of how much money is owed. But REO's counsel must back

this up with evidence from which a sum may be calculated under the Note and under Puerto Rico law. Not having done so, REO is not entitled to summary judgment here.

## CONCLUSION

For the foregoing reasons, REO's motion is **DENIED.** However, REO is granted a **final extension of twenty-one (21) days** to renew its motion for summary judgment, which must be accompanied by both a statement of facts and evidence supporting each element of its claim.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of September, 2012.

                                              *S/ Bruce J. McGiverin*
                                              BRUCE J. McGIVERIN
                                              United States Magistrate Judge